UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | § § § | |
| v. | § § | Civil Action No. |
| $20,768.00 IN U.S. CURRENCY,<br>　　　　Defendant in rem | § § § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

United States of America, Plaintiff, files this action for forfeiture against approximately $20,768.00 in United States currency, Defendant in rem, and alleges the following statements.

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is approximately $20,768.00 in United States currency that was seized from Mahendrabhai Patel and Jayaben Patel, husband and wife, on November 7, 2011, at the George Bush Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas,
>
> b. the property was found in the Southern District of Texas, and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States. These statutes state that:

> a) a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. 31 U.S.C. § 5316(a)(1)(A);
>
> b) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5316. 31 U.S.C. § 5324(c)(1);
>
> c) no person shall, for the purpose of evading the reporting

requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact. 31 U.S.C. § 5324(c)(2).

*Facts*

6. On November 7, 2011, Mahendrabhai Patel and Jayaben Patel, husband and wife, were preparing to leave the United States aboard Qatar Airlines flight #78 to Doha, Qatar at the George Bush Intercontinental Airport in Houston, Texas. In the jetway for this flight which contained posters advising passengers of the United States currency reporting requirements, United States Customs and Border Protection Officer (CBP Officer) David Boyd conducted a routine outbound customs inspection. The Officer Boyd asked Mr. and Mrs. Patel if they were traveling as a family. Mr. Patel answered "That this is my wife and we are not traveling with any other family." Officer Boyd then asked Mr. Patel if he was transporting $10,000.00 or more in cash, travelers' checks, or any other monetary instrument for himself or anyone else. Mr. Patel said that he and his wife were in possession of $700.00. Officer Boyd asked Mrs. Patel how much money was she carrying. She said that she was carrying $5,000.00. At that moment Mr. Patel hushed his wife and said "my wife does not know what she is talking about, we only have $1,170.00." Officer Boyd explained the reporting requirements to Mr. and Mrs. Patel. Officer Boyd told them that it was legal to carry $10,000.00 or

more but they had to declare it if they have it. Also, he explained that if they have money for other people, then they must declare that too. Mr. Patel said that he and his wife only had $1,170.00. Mr. and Mrs. Patel confirmed this in writing on the CBP form 503. Officer Boyd then directed Mr. and Mrs. Patel to a table for verification of their funds.

7. At the verification area, Mr. Patel was asked to place his money on the inspection table. Mr. Patel pulled one small black purse from his black carry on luggage and in the small purse was an envelope with $4,000.00.

8. CBP Officer Augustin Hernandez III inspected Mr. Patel's carry on bag and found in that bag numerous envelopes containing approximately $13,744.00. An additional $2,400.00 was found in Mr. Patel's wallet. Also, an additional $624.00 was found in the Patels' checked luggage. A total of $20,768 was found in the possession of Mr. and Mrs. Patel. CBP officers seized the funds forfeiture.

*Relief Requested*

9. Plaintiff requests:

(a) that the Clerk of the Court issue an arrest warrant because the property is in the government's possession pursuant to Rule G(3)(b)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

(b) a judgment of forfeiture, and

(c) costs and other relief to which the Plaintiff may be entitled.

Date November 22, 2011.

> Respectfully submitted,
>
> Kenneth Magidson
> United States Attorney
>
> By: s/ Albert Ratliff
> Albert Ratliff
> Attorney-in-Charge
> NY Bar No. 1073907
> SDTX Bar No. 6764
> Assistant United States Attorney
> United States Attorney's Office
> P. O. Box 61129
> Houston, Texas 77208
> E-mail: albert.ratliff@usdoj.gov
> Office: (713) 567-9579
> Fax: (713) 718-3300

*Verification*

I, Minh Tran, Special Agent, United States Homeland Security Investigations, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on November 22, 2011.

Minh Tran, Special Agent
United States Homeland Security Investigations