UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-04085 |
| $20,768.00 IN U.S. CURRENCY, | § | |
| Defendant in rem. | § | |

**CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

MAHENDRABHAI PATEL ("Claimant"), by and through his attorney of record, files this Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Forfeiture in Rem and respectfully states:

1. Claimant admits to the nature of the action in paragraph 1, but denies that Plaintiff is entitled to any relief on those claims.

2. Claimant admits as to Defendant in rem in paragraph 2.

3. Claimant admits as to jurisdiction and venue in paragraphs 3 and 4, respectively.

4. The alleged bases for forfeiture in paragraph 5 are legal conclusions, and require no response, but in an abundance of caution, they are denied.

5. Claimant admits he was at George Bush Intercontinental Airport on November 7, 2011, but denies the factual allegations in paragraph 6.

6. Claimant denies the factual allegations stated in paragraphs 7 & 8.

7. Claimant denies that Plaintiff is entitled to the relief requested in paragraph 9.

**AFFIRMATIVE DEFENSES**

8. Claimant is asserting, as bailee, the innocent owner defense under 18 U.S.C. § 983(d) and has standing to claim this affirmative defense under 18 U.S.C. § 983(d)(6). The bailors are the following persons:

    Bhavesh Patel
    Jagdishbhai Patel
    Laxmanbhai Patel
    Priyaben Patel
    Bhumikaben Patel
    Super 8 Motel

    The Claimant, as bailee, has a colorable and legitimate interest in the seized property. The above-identified bailors, who have ownership interest in the currency, transferred possession of the currency to the Claimant for various legal and legitimate purposes (e.g., improvement of family land overseas, and the purchase of personal gifts such as clothing). With the currency now having been seized and subject to forfeiture, the Claimant, as bailee, is seeking to reclaim the instant currency for return to the bailors. Bailors did not know of the conduct giving rise to forfeiture, and the conduct leading to seizure was not reasonably foreseeable by the bailors. Under the innocent owner defense, Claimant is entitled to the immediate remission of the defendant property to his possession.

9. The Plaintiff's attempt to forfeit the entire $20,768.00 is contrary to the Excessive Fines Clause of the Eighth Amendment. A violation of the Clause requires the Court to immediately remit the defendant property to the Claimant. *United States v. Hosep Krikor Bajakajian*, 118 S. Ct. 2028 (1998).

WHEREFORE, the Claimant, Mahendrabhai Patel, respectfully requests the Court to dismiss this cause of action; to order the immediate remission of the defendant property to the Claimants; to award reasonable attorneys fees and other litigation costs pursuant to 28 U.S.C. § 2465(b)1(A); and to award pre-judgment interest pursuant to 28 U.S.C. § 2465(b)(1)(C).

Executed on: <u>January 17, 2012</u>.

        Respectfully submitted,
        GIVENS & JOHNSTON, PLLC


        By ____/s/ Clinton K. Yu_____
        Clinton K. Yu
        Texas Bar #: 24070901
        FED ID: 1125968
        950 Echo Lane, Suite 360
        Houston, Texas 77024
        Phone: (713) 932-1540
        Alt: (800) 285-8042
        Fax: (713) 932-1542
        Email: cyu@givensjohnston.com

        ATTORNEY FOR CLAIMANT

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was e-mailed to Albert Ratliff, Assistant United States Attorney, on the __17th_ day of _____January___, 20 _12_, at:

    Albert.ratliff@usdoj.gov

                                            _____/s/ Clinton K. Yu_____
                                            Clinton K. Yu
                                            Attorney for Claimant Mahendrabhai Patel