UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:11-cv-04085 |
| | § | |
| $20,768.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.      State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

        Clinton K. Yu, attorney for Jayaben Patel and Mahendrabhai Patel, Claimants, and Albert Ratliff, Assistant U.S. Attorney, for the Plaintiff conferred on March 5, 2012.

2.      List the cases related to this one that are pending in any state or federal court with the case number and court.

        None.

3.      Briefly describe what the case is about.

        The United States alleges that Mahendrabhai Patel and Jayaben Patel made a false declaration in violation of 31 U.S.C. §§ 5316 and 5324(c) and as a result of this false declaration, the Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).  The United States alleges the following facts in support of forfeiture.  On November 7, 2011, Mahendrabhai Patel and Jayaben Patel, husband and wife, were preparing to leave the United States aboard Qatar Airlines flight to Doha, Qatar at the George Bush Intercontinental Airport in Houston, Texas.

United States Customs and Border Protection Officer (CBP Officer) David Boyd conducted a routine outbound customs inspection.  Officer Boyd asked Mr. Patel if he was transporting $10,000.00 or more in cash, travelers' checks, or any other monetary instrument for himself or anyone else.  Mr. Patel said that he and his wife only had $1,170.00 which they confirmed in writing on the CBP form 503.  CBP Officials found that a total of $20,768 was found in the possession of Mr. and Mrs. Patel.  CBP officers seized the funds forfeiture.

4.      Specify the allegation of federal jurisdiction.

        This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

        Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

        a.  the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas,

        b.  the property was found in the Southern District of Texas, and

        c.  this forfeiture action accrued in the Southern District of Texas.

5.      Name the parties who disagree and the reasons.

        Claimants Jayaben and Mahendrabhai Patel deny the government's allegations and forfeiture of $20,768.00, a portion of which is their own personal property and the remaining portion of which is personal property of innocent owners.

6.      List anticipated additional parties that should be included, when they can be

        added, and by whom they are wanted.

        Counsel for Claimants anticipate adding five additional claimants (innocent owners listed in Dkt. #10 and Dkt. #11), pursuant to Motions for Leave to File Out of Time a Verified Claim, which will be filed by March 12, 2012. The five additional claimants anticipate filing their respective Claims within 7 days of receiving an Order granting their Motion for Leave to File a Claim.

7.    List anticipated interventions.

None.

8.    Describe class-action issues.

None.

9.    State whether each party represents that it has made the initial disclosures

required by Rule 26(a).  If not, describe the arrangements that have been

made to complete the disclosures.

Under Fed. R. Civil P. 26(B)(ii), this forfeiture proceeding is exempt from

the Rule 26(a) disclosure requirements.  The parties will, however, complete these

disclosures by April 30, 2012.

10.   Describe the proposed agreed discovery plan, including:

A.  Responses to all the matters raised in Rule 26(f).

May 15, 2012.

B.  When and to whom the plaintiff anticipates it may send interrogatories.

By May 15, 2012, to the Claimants.

C.  When and to whom the Claimants anticipate it may send interrogatories.

By May 15, 2012, to the Plaintiff.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

The Claimants by June 15, 2012.

E.  Of whom and by when the defendant anticipates taking oral depositions.

Claimants anticipate taking the oral depositions by June 15, 2012, of the Customs officers who filed the report, were present or were involved in the seizure of the currency.

F.  When the plaintiff (or the party with the burden of proof on an issue) will

be able  to designate experts and provide the reports required by Rule 26(a)(2)(B),

and when the opposing party will be able to designate responsive experts and

provide their reports.

Plaintiff by June 15, 2012.  Claimants by June 15, 2012.

G.  List expert depositions the plaintiff (or the party with the burden of proof

on an issue) anticipates taking and their anticipated completion date.  See Rule

26(a)(2)(B) (expert report).

Plaintiff does not anticipating taking expert depositions.

H.  List expert depositions the opposing party anticipates taking and their

anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Claimants do not anticipate taking expert depositions.

11.    If the parties are not agreed on a part of the discovery plan, describe the

separate views and proposals of each party.

None.

12.    Specify the discovery beyond initial disclosures that has been undertaken to

date.

None.

13.    State the date the planned discovery can be reasonably completed.

September 30, 2012.

14.    Describe the possibilities for a prompt settlement or resolution of the case

that were discussed in your Rule 26(f) meeting.

The parties have scheduled a settlement meeting this week.

15.    Describe what each party has done or agreed to do to bring about a prompt

resolution.

Agreed to a settlement meeting this week.

16.    From the attorneys' discussion with the client, state the alternative dispute

resolution techniques that are reasonably suitable, and state when such a

technique may be effectively used in this case.

None by the United States or the Claimants.

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the

parties' joint position on a trial before a magistrate judge.

The United States and Claimants request that this matter to be resolved in

the District Court.

18.    State whether a jury demand has been made and if was made on time.

No jury demand has been made.

(19)   Specify the number of hours it will take to present the evidence in this case.

Eight hours.

(20)   List pending motions that could be ruled on at the initial pretrial and

scheduling conference.

Claimants.

(21)   List other motions pending.

None.

(22)   Indicate other matters peculiar to this case, including discovery, that deserve

the special attention of the court at the conference.

None.

23.   Certify that all parties have filed Disclosure of Interested Parties as directed

in the Order for Conference and Disclosure of Interested Parties, listing the

date of filing for original and any amendments.

On November 23, 2011, the Plaintiff filed its certificate of interested parties.

Dkt. # 3.

(24)   List the names, bar numbers, addresses and telephone numbers of all

counsel.

Clinton K. Yu, Esq.                          Albert Ratliff
Texas Bar #: 24070901                        NY Bar No. 1073907
FED ID: 1125968                              SDTX Bar No. 6764
Givens & Johnston PLLC                       Assistant United States Attorney
950 Echo Ln, Ste 360                         United States Attorney's Office
Houston, TX 77024                            P. O. Box 61129
Telephone: 713-932-1540                      Houston, Texas  77208
Email: cyu@givensjohnston.com                E-mail: albert.ratliff@usdoj.gov
Attorney for the Claimants                   Office: (713) 567-9579
                                             Fax: (713) 718-3300


 s/ Albert Ratliff                           March 6, 2012
Albert Ratliff                               Date
Counsel for Plaintiffs

/s/ Clinton K. Yu                            March 6, 2012
Counsel for Claimants                        Date